THE STATE *ex rel.* PITT, *Appellant*, v. TUFTS.

DIVISION ONE.

1.  **Cities of Second Class** : ORGANIZATION UNDER GENERAL LAW : DELINQUENT TAX SALES.  A city organized under the general law as a city of the second class has the right and power to sell lands at tax sale for the delinquent taxes for years prior to such organization, as well as for those that became delinquent subsequent to it.  ( R. S. 1879, secs. 4715, 4728.)

2.  —— : —— : ——.  The city can enforce the collection of such taxes in the manner provided by Revised Statutes, 1879, sections 4715, 4728, or suit may be brought in the name of the city to enforce their collection.  (R. S. 1879, sec. 4762.)

3.  —— : —— : ——.  The general law which provides for the collection of taxes becoming delinquent before the change of government by the city must control.    Section 4825, Revised Statutes, 1879, has reference only to cases not provided for in preceding sections, and has no application to the collection of delinquent taxes.

4.  —— : —— : —— : REDEMPTION.  The city auditor in making the statement of the amount required to redeem from a tax sale must include therein all the taxes for the payment of which the property was sold.  ( R. S. 1879, secs. 4734, 4741.)

*Appeal from Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

AFFIRMED.

*H. K. White* and *Ramey & Brown* for appellant.

(1)  St. Joseph adopted the law for cities of the second class, April 9, 1885 ( sec. 4625 ), and a sale under that law for taxes delinquent under the old charter was as to those taxes void.  R. S. 1879, sec. 4728; Laws, 1887, sec. 10, p. 54.  The remedy for all taxes levied and delinquent under the old *regime*, the cause of

action which had accrued as to them, is expressly preserved by sections 4762 and 4825. ( 2 ) Since the power of sale under section 4728, and the right to redeem under section 4741, applies only, and can only apply by the terms of the statute, to taxes levied and delinquent under the second-class law, it was the duty of the auditor under section 4742 to furnish a statement which should include only the taxes of 1885, the first levied and to be collected according to the provisions of the second-class law. ( 3 ) The owner, to redeem, must pay not only ''the amount for which such real property was sold,'' in a legal sense, of course ( sec. 4741 ), but penalties; and all other state, county and other taxes subsequently paid by the purchaser, memoranda of which ( sec. 4740 ) the auditor keeps. It is only after these charges alone in the auditor's knowledge are certified to by him, that the owner can demand a certificate of redemption. Sec. 4442. It is not taxes but redemption money that the owner must pay, and without a statement of the amount he is powerless. *Mandamus* is proper to enforce performance of the auditor's duty. *State ex rel. v. Lewis*, 76 Mo. 370.

*Lancaster, Hall & Pike*, also, for appellant.

*Ryan & MacDonald* for respondent.

( 1 ) The peremptory writ was properly denied because the petition of relator fails to show affirmatively a clear and undoubted right in relator to the relief prayed for, and that he had no other specific or adequate legal remedy for the enforcement of his alleged rights. High, Ex. Leg. Rem. [ 2 Ed.] p. 15, par. 10. ( 2 ) The duty which relator seeks to impose upon the auditor, respondent herein, is a different duty from that prescribed by section 4742, Revised Statutes, in that relator attempts to make respondent's office *quasi* judicial and vest him with a discretion as to what statement he should

make. By said section 4742 the auditor is not vested with the power of determining whether any real-estate. sale was valid, or whether it was legally sold in pursuance of the provisions of the second-class law, but must and can only make a statement from his books of the amount necessary to redeem property from the sale. This amount is provided for by section 4741, and consists of the amount for which the land was sold, the penalties and costs, and all state, county and municipal taxes· paid by the purchasers. R. S., secs. 4741, 4742. ( 3 ) Relator's petition shows that relator at all times demanded from the respondent not the statement required by 4742, but a statement limited in amount to the taxes accruing in 1885. ( 4 ) It is submitted that, before relator is entitled to relief, he should have demanded and received from the respondent the statement provided for in section 4742, without limitation, and which his petition shows was offered him, and then have tendered to the collector the amount of the legal and valid taxes against his property. ( 5 ) Respondent insists that the Kansas City court of appeals cannot pass upon this case, but that it is a proper case for the supreme court, because, in order to determine the merits of the controversy, it is necessary for the court to construe the revenue laws of the state of Missouri.

BLACK, J.—This case is before us to review the action of the circuit court in sustaining a demurrer to an alternative writ of *mandamus*. The facts are these : On the ninth day of April, 1885, the city of St. Joseph abandoned its special charter and organized under the general laws concerning cities of the second class. On the eighth of January, 1886, the city became the purchaser of eleven lots owned by the plaintiff, which were sold for delinquent taxes for 1885 and for prior years. Thereafter, the city issued a certificate of purchase to some person, but to whom the record does not disclose. On the first of October, 1887, the plaintiff

demanded of the defendant, the then city auditor, a statement of the amount required to redeem the property, but at the same time insisted that the statement should exclude all taxes for years prior to 1885. The auditor declined to make out a statement including only the taxes for 1885, and, hence, this proceeding.

The plaintiff, it will be seen, desires to redeem from the tax sale of 1885 by paying the taxes and penalties for that year only, and he places his right to do this on the ground that the city had no power under the general law to sell the property to pay delinquent taxes for the prior years, and that, as to those years, the sale was and is void. This proposition the defendant disputes. He also insists that he possesses no judicial functions, and, under the law, has no power to determine whether the sale was valid or invalid, that his duties are prescribed by law, which requires him to include in his statement the taxes for the prior years.

We are of the opinion the city had the right and power to sell the lots at the tax sale of 1885 for the delinquent taxes for prior years as well as for that year.

Prior to 1875 nearly if not all the cities in this state were governed by special charters. The constitution of that year made it the duty of the general assembly to provide by general law for the organization and classification of cities, the number of classes not to exceed four, and to make provision whereby any city, existing by special charter, could elect to come under the general law. In 1877, the general assembly passed such a general law, which was carried into the Revised Statutes of 1879. The general assembly must have known that there would be delinquent taxes due these cities at the time of the change from the special to the general law, and we should expect to find some provision to meet such cases. These observations must be kept in mind in construing the general law. Section 4715 makes it the duty of the auditor in extending the "land-tax book"

to enter in proper columns "all unpaid delinquent taxes and special assessments on each lot or tract," etc. The book thus made out is placed in the hands of the collector, and he proceeds to collect the taxes.

Section 4728 declares: "On the first Monday in October, in each year, the city clerk shall offer at public sale, at his office in such city, all real property on which taxes or special assessments shall remain due and unpaid, and such sale shall be made for and in payment of the total amount of taxes and special assessments, interest and costs due and unpaid on such real property." This section is broad and comprehensive, and, in providing that the sale be made for and in payment of the total amount of taxes and special assessments due on the property, it includes all the delinquent taxes and special assessments mentioned in section 4715. If there are delinquent taxes for prior years for the payment of which no sale has been made, they are to be brought forward and constitute a part of the taxes for which the property is sold. That the city had the right and power to sell the lots at the tax sale of 1885 for the delinquent taxes of prior years, as well as for that year we have no doubt, and so hold.

This conclusion is not at all affected by section 4762, which provides that where any sale of real estate shall be discontinued, or where any real estate has been bid off for the city, and also where taxes have become delinquent before the passage of this article, suit may be brought in the name of the city to enforce the collection of such taxes. This section furnishes an additional remedy, and the city can either sell the property through the machinery of the previous sections, or it can enforce payment of the taxes by suit.

Nor is the conclusion before expressed affected by section 4825, which provides, in substance, that the repeal of any statute by this article shall not affect any right, lien or liability accrued previous to the repeal, nor affect any action or proceeding pending when such

repeal takes effect; "but such right, lien or liability shall be enforced, and such action or proceeding shall be carried on in all respects as if such statutory provision had not been repealed." Let it be conceded that organizing under the general law worked a repeal of the old special charter within the meaning of this section, still that section must be construed in connection with the whole law. When the general law provides for the collection of taxes becoming delinquent before the change of government, the general law must control. The section, in saying that such right, lien or liability shall be enforced, and proceedings carried on as if there had been no repeal, has reference to those cases for which no provision is made in the preceding sections. It has no application to the collection of delinquent taxes, for the general law makes abundant provisions for the collection of all such taxes.

We are next to inquire as to the duty of the auditor in making out a statement of the amount required to redeem under the circumstances of the present case. Section 4734 makes it the duty of the auditor to attend all sales of real property made by the city clerk, and to keep a record of such sales in a book provided for that purpose. Under the direction of the comptroller, he must bid in such property for the city as is not sold to others. The city may assign its bid, and give to any person a certificate, who will pay the collector "a sum of money equal to the amount of all taxes, interest and costs," and such certificate gives the holder thereof the rights of a purchaser at the tax sale. In the present case the city bid in the property, and thereafter issued its certificate to a third person in consideration of the payment of an amount equal to the taxes for 1885 and the prior years. Section 4741 gives the owner the right to redeem within a designated time, " by the payment to the city collector of the amount for which such real property was sold," and the interest and penalties, and the amount of state, county and other taxes paid by the

purchaser after the date of the certificate issued to him. To entitle the owner to redeem he must procure from the auditor " a statement, setting forth the amount required to redeem," which must be filed with the collector.

Now from these provisions of the law it is very clear that the statement issued by the auditor to the person desiring to redeem must include all the taxes for the payment of which the property was sold. If, as in the present case, the property was sold for the taxes of more than one year, then all such taxes must be included in the statement. It may be that the auditor could be required to give a statement omitting illegal taxes by a proceeding to which the holder of the certificate is made a party, but as to that we express no opinion. Here the city had the right to and did sell the property for delinquent taxes of 1885 and for prior years, and it was the plain duty of the auditor to include all such taxes in his statement.

The judgment is, therefore, affirmed. All concur.