THE CITY OF ST. JOSEPH, *Appellant*, v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY.

### Division Two, December 16, 1893.

1. **City of Second Class**: DELINQUENT TAXES: PETITION. A petition under Revised Statutes, 1889, section 1384, to enforce the collection of delinquent taxes of a city of second class need not allege that the sale had been discontinued or the realty had been bid off by the city or that the taxes became delinquent before the passage of the act.

2. ———: ———: STATUTE. A city existing under special charter prior to 1885, when it became a city of the second class, under the general law, could not sue for taxes on railroad property as levied by its officers before March 30, 1884, since it had no authority to levy them nor to sue for them under its special charter if legally levied.

3. ———: ———: ———. A city of the second class being empowered to assess and levy taxes and to sue for and to collect them may proceed under Revised Statutes, 1889, section 1384, as to taxes levied since it became such city.

*Appeal from Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED AND REMANDED.

*H. S. Kelley* for appellant.

(1) If the statute governing cities of the second class applies, and it certainly does, the plaintiff city has legal capacity to sue and maintain this action for the collection of delinquent taxes which accrued to the city before it became a city of the second class, and the third ground of defendant's demurrer was not well taken and should have been overruled. *State ex. rel. v. Tufts*, 108 Mo. 418; *State to use v. Robyn*, 93 Mo.

396; *City of Kansas v. Payne*, 71 Mo. 159. (2) The statute governing cities of the second class makes it the duty of the city collector to collect all taxes due to the city, delinquent and current. All taxes remaining delinquent and unpaid must be carried to the tax book and placed into the hands of the collector for collection. But the question as to his right to demand or receive the taxes sued for, is not properly raised by demurrer, but if it is, the fifth ground of demurrer is not well taken. and should have been ignored or overruled. (3) The petition expressly states that the taxes sued for had been levied pursuant to law and ordinances and were delinquent and unpaid before the bringing of this suit; therefore the fourth ground of demurrer was not maintainable. (4) The statute declares that, in a suit to recover delinquent taxes, it shall be sufficient to state, in the petition or statement of the cause of action, the amount of the tax, the rate of interest and date from which it is claimed, the property upon which it is a charge, the owner thereof, and the year or years for which the same was levied, or if a special tax the date and title of the ordinance under which it is levied, and that such tax has not been paid. Revised Statutes, 1889, section 1384. And it shall be sufficient to make those having an interest in the property at the commencement of the suit defendants. Revised Statutes, 1889, section 1385. (5) A demurrer being a matter of record, no motion for a new trial or bill of exceptions is necessary to preserve the questions raised by it for decision in the appellate court. *Hannah v. Hannah*, 109 Mo. 236; *Spears v. Bond*, 79 Mo. 467.

*J. D. Strong* for respondent.

(1) The petition in each count thereof fails to state facts sufficient to constitute a cause of action. *First.*

The city of St. Joseph has no legal power to maintain an action for the recovery of taxes levied against real estate—unless (*a*) the sale of the real estate—for the taxes—shall have been "discontinued;" or (*b*) the real estate has been "bid off for the city;" or (*c*) that the taxes sued for became delinquent before the passage of the "Act of May 15, 1877." Revised Statutes 1879, sec. 4762; Revised Statutes, 1889, sec. 1384. The petition shows that none of the taxes sued for became delinquent before 1882. There is no allegation that the property was bid off for the city. (Revised Statutes, 1879, sec. 4736.) There is no allegation that a sale was discontinued as to any of the real estate mentioned. Revised Statutes, 1879, sec. 4761. As to taxes which accrued and became delinquent after May 15, 1877, action for their recovery could only accrue to the city, after compliance with section 1336, Revised Statutes, 1889; section 1337, Revised Statutes, 1889; section 1350, Revised Statutes, 1889; sections 1351, 1352; section 1353, Revised Statutes, 1889, being section 4731, Revised Statutes, 1879; section 1357, Revised Statutes, 1889, being section 4735, Revised Statutes, 1879; section 1383, Revised Statutes, 1889, being section 4761, Revised Statutes, 1879; section 1358, Revised Statutes, 1889, being section 4736, Revised Statutes, 1879. *Second.* As to taxes mentioned in the first thirteen counts, the general law must govern. *State ex. rel. v. Tufts*, 108 Mo. 418. As to taxes mentioned in fourteenth count, the city must have proceeded under the methods prescribed in the sections above cited before it can sue and recover them. *Ibid.* (2) Respondent abandons point made on statute of limitations. *Lumber Co. v. Wright*, 21 S. W. Rep. 811. (3) Plaintiff has not legal capacity to sue and maintain this action. Examining the cases cited by appellant, viz: *Tuft's case*, 108 Mo. 475;

*Robyn case*, 93 Mo. 396; *Payne case*, 71 Mo. 159, this case is distinguished. Those cases are not relevant to appellant's contention here. Revised Statutes, 1889, section 7718; Revised Statutes, 1879, sec. 6866. See other sections quoted in the argument—and compared —showing that the taxes sued for in each of the first thirteen counts never have been levied against the property described therein, by any officer thereto empowered by law. Said taxes mentioned in those thirteen counts have never become delinquent. Revised Statutes, 1889, sec. 7738; Revised Statutes, 1879, sec. 6886, and other sections cited *supra*. This appears from the face of each of three counts. (4) The petition says the taxes were levied by the city officers in and for the years 1881, 1882, 1883, 1884, in the first thirteen counts. Until 1887 (Revised Statutes, 1889, sec. 1328) such officers were not empowered by law to levy or collect any taxes on property of railroad companies. If such officers did in those years attempt to levy or collect these taxes as charged in those counts, their acts were void. (5) Appellant's position is untenable, and his petition in this case admits the necessity of allegations not mentioned in his argument. Revised Statutes, 1889, sec. 1384, first paragraph.

BURGESS, J.—This is an action by the city of St. Joseph, a city of the second class, upon certain tax bills to recover delinquent back taxes claimed by the city to be due for certain years, on certain lots owned by the defendant. The petition is in fourteen counts. The first thirteen are on tax bills for taxes alleged to be due for the years 1881, 1882, 1883, 1884, and the fourteenth count is on a tax bill for delinquent taxes for the years 1888 and 1889. A demurrer was sustained to all the counts, judgment rendered for the defendant and the plaintiff appealed.

The first thirteen counts of the petition are almost exactly alike; the only difference being as to the property which it is sought to have the tax liens enforced against, which is different in each count. The petition, leaving out the formal parts, is as follows:

"The city of St Joseph, plaintiff, states that plaintiff is now, and at the time hereinafter mentioned, was a municipal corporation, duly incorporated by and under an act of the general assembly of the state of Missouri, entitled, 'An act to Incorporate the city of St. Joseph,' approved February 22, 1851, and continued to be such municipal corporation under said act and the several acts amendatory thereof, and possessed and exercised all the powers conferred upon it as such corporation, until the twentieth day of April, 1885, when the said city became a city of the second class under the general law of the said state in such case made and provided; that said city of St. Joseph, under its charter and the laws of the state, possessed all the powers conferred upon and exercised by municipal corporations, such as authority to levy and collect taxes for corporate purposes upon all property within the limits of the city of St. Joseph, subject to taxation for municipal purposes. That said defendant is a corporation duly created and existing under and by virtue of the laws of the state of Missouri.

"Plaintiff further states that the defendant is the owner of the following described real estate situated in the city of St. Joseph, county of Buchanan, state of Missouri, to-wit: Lot 11, block 34, original town, now St. Joseph Mo. That said real estate was, for the years hereinafter mentioned subject to taxation for municipal purposes of said city, and there was duly and legally assessed and levied upon and against said real estate, by the proper officers of said city, having authority so to do, under the laws of said state and ordinances of said

city, certain taxes amounting to the sum of $40 for the following years, to-wit: 1884, which said taxes, being due and unpaid, said real estate was returned delinquent for said taxes due thereon for each of the said years respectively, prior to the ———— day of ———— 18— of each year; that the original aggregate amount of said delinquent taxes for all the said years remaining due and unpaid is $40. That $40 of said sum, being the taxes for 1884, bears interest at the rate of twelve per cent. per annum from the first day of January, 1885. And that $40 of said aggregate sum of taxes so delinquent and unpaid, as aforesaid, on said real estate, was due and legally levied by the proper officers of said city as a special tax, under and by virtue of the laws of the state and an ordinance of said city, dated the thirtieth day of September, 1882, entitled: 'An ordinance making the levy and to provide for the collection of taxes for the fiscal year of 1882,' the same ending April 8, 1882. And also by virtue of an ordinance dated the eighteenth day of July, 1882, entitled: 'An ordinance providing for the levy and collection of special tax, to pay the interest on the four per cent. funding bonds of the city,' approved July 18, 1882. The said special taxes being for the following purposes, and known and designated on the tax bill herewith filed, as follows: Funding tax ordinance, number 677 $16. Funding tax ordinance number 857 $24.

"Plaintiff further stated that said taxes, together with the interest thereon for the years aforesaid, will fully and particularly appear by the itemized tax bill of the same hereto attached and filed with this petition, marked 'Exhibit A,' and duly authenticated by the certificate of the treasurer and ex-officio collector of revenue for said city.

"That there are certain fees due from and against said real estate in favor of ———— ———— which have

accrued and remained unpaid amounting to —— dollars, as shown by said tax bill, and that there is further interest due and unpaid on the gross amount of said taxes and said interest and on said fees, to be computed from the ——— day of ——, 18—, at — per centum per annum; that all of said amounts above set out, together with all interest, commissions and costs thereon accruing under and by virtue of the statutes in such cases made and provided, remain due and unpaid; and the defendant has wholly failed and neglected and refused to pay the same or any part thereof.

"Plaintiff further states that George C. Crowther is the treasurer and ex-officio collector of the city of St. Joseph, and as such made an agreement in writing with H. S. Kelley, as an attorney, to prosecute this and other suits for the collection of delinquent taxes in favor of the city of St. Joseph, for which he is to receive, by the terms of the said contract as fees therefor, ten per centum of all the amounts collected and paid into the treasury, to be taxed as costs in the case and collected as other costs; which said agreement between said collector and said attorney was approved by the mayor of said city.

"Wherefore by reason of the premises, the city of St. Joseph, plaintiff, prays judgment for the sum of $125, the amount of said taxes and said interest, and ——— dollars fees, and interest thereon, as well as for all fees, commissions and the costs of this proceeding, and that the same be declared the first lien in favor of the city of St. Joseph, on said real estate, to-wit: lot 11, block 34, original town, now city of St. Joseph, Mo. And that said lien be enforced and said real estate, or so much thereof as may be necessary to satisfy said judgment, interest, fees, commissions and costs thereon, be sold, and that a special *fieri facias* be

issued .thereon, and for all proper relief."

The first paragraph in the fourteenth count is just the same as in all the rest and proceeds as follows:

"Plaintiff further states that the defendant is the owner of the following described real estate situate in the city of St. Joseph, county of Buchanan, state of Missouri, to-wit: All (except right of way) of lot 8, block 2, St. Joseph Gardens addition to city of St. Joseph, Buchanan county, Missouri. The said real estate was, for the years hereinafter mentioned, subject to taxation for municipal purposes of said city, and there was duly and legally assessed and levied upon and against said real estate, by the proper officers of said city, having authority so to do, under the laws of said state and ordinance of said city, certain taxes amounting to the sum of $136, for the 'following years, to-wit: 1888, 1889: which said taxes, being due and unpaid, said real estate was returned delinquent for said taxes due thereon for each of said years respectively, prior to the —— day of ——18— of each year; that the original aggregate amount of said delinquent taxes for all of said years remaining due and unpaid is $136. That seventy dollars of the said sum, being the taxes for 1888, bears interest at the rate of twenty-four per cent. per annum, from the first day of January, 1889. That $66 of said sum, being the taxes of 1889, bears interest at the rate of twenty-four per cent. per annum from the first day of January, 1890.

"Plaintiff further states that $10 of the aggregate sum of taxes so delinquent and unpaid was duly and legally levied by the proper officers of the said city as a special tax, under and by virtue of the laws of this state and an ordinance of the said city, dated the eighteenth day of April, 1888, entitled an ordinance levying and providing for the collection of a special tax for the purpose of creating a sinking fund for the

redemption of bonds of the city of St. Joseph, approved the eighteenth day of April, 1888, the same being designated on said tax bill as a sinking fund tax. And that $20 of the said aggregate sum of taxes so delinquent, was duly and legally levied by the proper officers of said city as a special tax, under and by virtue of the laws of this state and an ordinance of said city, dated the eighteenth day of April, 1888, entitled an ordinance levying and providing for the collection of a tax to pay coupons and bonds of city of St. Joseph, maturing the fiscal year of eighteen hundred and eighty-eight, approved April 18, 1888, the same being known and designated on said tax bill as the 'tax for payment of bonds and coupons'. And that $40 of said aggregate sum of taxes so delinquent, was duly and legally levied by the proper officers of said city, as a special tax, under and by virtue of the laws of this state and an ordinance of said city, dated the eighteenth day of April, 1888, entitled, 'an ordinance levying and providing for the collection of a general tax for the fiscal year 1888,' approved April 18, 1889, the same being known and designated on the tax bill as the 'general administration fund'.

"Plaintiff further states that $10 of said aggregate sum of taxes so delinquent and unpaid, was duly and legally levied by the proper officers of the said city, as a special tax, under and by virtue of the said laws of this state and an ordinance of said city, dated the seventeenth day of April, 1889, entitled an ordinance levying and providing for the collection of a special tax for the purpose of creating a sinking fund for the redemption of bonds of the said city of St. Joseph, approved the seventeenth day of April, 1889, the same being known and designated on said tax bill as the sinking fund tax. And that $20 of said aggregate sum of taxes so delinquent, was duly and legally levied by the

proper officers of said city, as a special tax under and by the virtue of the laws of this state and an ordinance of said city, dated the seventeenth day of April, 1889, entitled an ordinance levying and providing for the collection of a tax to pay coupons and bonds of the city of St. Joseph, maturing the fiscal year of 1889, approved April 17, 1889, the same being known and designated on said tax bill as the 'tax for payment of bonds and coupons'. And that $36 of said aggregate sum of taxes so delinquent, was duly and legally levied by the proper officers of said city as a special tax under and by virtue of the laws of this state and an ordinance of said city, dated the seventeenth day of April, 1889, entitled: 'An ordinance levying and providing for the collection of a general tax for the fiscal year 1889,' as the 'general administration fund.'

"Plaintiff further states that said taxes, together with the interest thereon for the years aforesaid, will fully and particularly appear by the itemized tax bill of the same hereto attached and filed with this petition, marked exhibit 'c,' and duly authenticated by the certificate of the treasurer and ex-officio collector of revenue for said city.

"That there are certain fees due from and against said real estate in favor of ——— which have accrued and remain unpaid amounting to ——— dollars, as shown by said tax bill, and that there is further interest due and unpaid on the gross amount of said taxes and said interest and on said fees, to be computed from the ——— day of —— 18—, at —— per centum per annum; that all of said amounts above set out, together with all interest, commissions and costs thereon accuring under and by virtue of the statutes in such cases made and provided remain due and unpaid; and the defendant has wholly failed and neglected and refused to pay the same or any part thereof.

"Plaintiff further states that George C. Crowther is the treasurer and ex-officio collector of the city of St. Joseph, and as such made an agreement in writing with H. S. Kelley, as an attorney, to prosecute this and other suits for the collection of delinquent taxes in favor of said city of St. Joseph for which he is to receive, by the terms of said contract as fees therefor, ten per cent. of all amounts collected and paid into the treasury, to be taxed as costs in the case and collected as other costs, which said agreement between said collector and said attorney was approved by the mayor of said city.

"Wherefore by reason of the premises, the city of St. Joseph, plaintiff, prays judgment for the sum of $200 dollars the amount of said taxes and said interest and ———— dollars fees and interest thereon as well as for all fees, commissions and costs of the proceeding, and that the same be declared a first lien in favor of the city of St. Joseph on said real estate, to-wit: All (except right of way) of lot 8, block 2, St. Joseph Gardens addition to the city of St. Joseph, Buchanan county, Mo. And that said lien be enforced and said real estate or so much thereof as may be necessary to satisfy said judgment, interest, fees, commissions and costs thereon be sold and that a special *fieri facias* be issued thereon, and for all proper relief."

The demurrer is as follows:

"Defendant demurs, to the plaintiff's petition, and to each and every count therein, and as grounds for demurrer states:

"*First.* No one of the several counts in the said petition states facts sufficient to constitute a cause of action against this defendant.

"*Second.* Because this suit was not commenced until the twenty-third day of August, 1890, and no action for the recovery of any item of taxes sued for

in any of the thirteen counts, accrued within five years next before the commencement of this suit.

"*Third.* Defendant demurs to the petition and to each and every count therein, because plaintiff has not legal capacity to sue or maintain this action against defendant for any of the taxes mentioned in any count of the petition.

"*Fourth.* Because none of the taxes mentioned in the petition have ever been levied pursuant to law, and have not been at any time before the beginning of this suit, delinquent.

"*Fifth.* Because the city collector of the plaintiff city has not now nor did he have the legal right or capacity for the use of said plaintiff, to demand or receive from this defendant any of the items of tax sued for in any of the counts of the said petition."

The first question presented by this record is as to the sufficiency of the petition inasmuch as it does not allege that the sale of the real estate for the taxes had been discontinued; or that it had been bid off by the city; or that the taxes sued for became delinquent before May 15, 1877. This, defendant contends, is fatal to the petition, and that because no such allegations are contained in it, it states no cause of action.

Section 1384, Revised Statutes, 1889, provides that: "When any sale of real estate shall be discontinued, as hereinbefore provided, or when any real estate has been bid off for the city, as before provided, and also in all cases when taxes have been delinquent before the passage of this article, suit may be brought in the name of such city, to enforce the collection of such taxes, general or special, with interest, cost and penalties thereon, in any court of competent jurisdiction. It shall be sufficient to state, in the petition or other statement of the cause of action in any such case, the amount of the tax, the rate of interest and date from

which it is claimed, the property upon which it is a charge, the owner thereof, and the year or years for which the same is levied; or if a special tax, the date and title of the ordinance under which it it levied, and that such tax has not been paid."

The petition does state the amount of taxes, the rate of interest and date from which it is claimed, the property on which it is a charge, the owner thereof and the years for which the same is levied, giving date and title of ordinance, when relied on, and under which the taxes were levied, and that such taxes have not been paid, which is declared by said section to be sufficient to state. The last paragraph in the section of the statute now under consideration must be taken in connection with, and as having reference especially to, the first paragraph in the same section, and when so taken we think the petition contained all necessary averments, made out a *prima facie* case under the statute, and was not vulnerable to the objection urged against it.

We do not intend to be understood as holding that no other allegations than as above indicated are necessary, in order to constitute a good cause of action for delinquent taxes, but we do hold that under the statutes, in actions by cities of the second class for delinquent taxes all that it is necessary to aver with respect of the tax, is the amount thereof, rate of interest and date from which it is claimed, the property upon which it is charged, the name of the owner thereof, and the year or years for which the same was levied; or, if a special tax, the date and title of the ordinance under which it is levied, and that such tax has not been paid.

But the petition, in so far as the first thirteen counts are concerned, alleges too much. It charges that there was duly and legally assessed and levied

upon and against said real estate by the proper officers of said city. they having authority so to do, which, under the laws of the state prior to March 30, 1884, they had no authority to do.

By section 6866, Revised Statutes, 1879, railroad companies were required to report to the state board of equalization the total number of miles of main and side-tracks, rolling stock, depots, water tanks and turn-tables for assessment. This property was assessed by the state board, and apportioned to each county, city and town through which, or into which, the road ran, and such apportionments were certified to the county courts of the proper counties. All other properties, including buildings, were assessed by local assessors, the same as the property of individuals.

By section 6878, Revised Statutes, 1879, it was made the duty of each city    *    *    *    on or before the tenth day of May of each year to certify to the county courts of the respective counties a statement of the assessments made in pursuance of section 6876, and also the rate per cent. levied by such city    *    *    *    on all property therein for municipal purposes for that year. The following section made it the duty of the county court upon receipt from the auditor of the action of the state board, the returns of the county or township assessor and of cities, towns and villages to ascertain and levy the taxes for all purposes, state, county, township, cities and towns on the railroads and property thereof in such counties, cities    *    *    *    at the same rate as that levied on other property. After such levy, the county clerk of such county was required to extend the same upon a separate tax book to be known as the "railroad tax book," and to deliver the same to the proper collector of such county, and the collector was made liable on his bond for the faithful collection and disbursement of the tax collected by

him. If such taxes were not paid before the next succeeding January, the same became delinquent railroad taxes, to which penalties for their nonpayment attached.

All the taxes sued for in the thirteen counts were levied and became delinquent while plaintiff was acting under its special charter, and were returned delinquent by the collector of the city of St. Joseph.

It will thus be seen that the county court only had the power or authority that could lawfully levy the taxes for city purposes, which are sued for, and that such taxes were required to be transferred to, or entered upon, the "railroad tax book," and that they could only be collected by the county collector to whom section 6888, Revised Statutes, 1879, gave the right to sue in the name of the state, at his relation for the taxes, and to enforce the lien against the property. We must, therefore, hold that the taxes now under consideration were never legally levied, because the city authorities of the city of St. Joseph had no power or authority to do so.

In the case of *State ex rel. v. Tufts*, 108 Mo. 418, it was held that plaintiff in this suit, after becoming a city of the second class, under the general law, could not proceed to collect the taxes, according to the provisions of the former special charter. "When the general law provides for the collection of taxes becoming delinquent before the change of government, the general law must control."

It therefore necessarily follows that, although it may be conceded that plaintiff succeeded to all the rights that it formerly possessed under its special charter, it did not acquire any greater rights than it then possessed and did not acquire the right to sue for the taxes in controversy, because no levy of the taxes was ever legally made, nor did the plaintiff under its

special charter, have any right or authority to sue therefor, even though the levy had been legally made.

The point urged in support of the demurrer in the court below to the effect that the action on the first thirteen counts was barred by the statute of limitations is abandoned, and is not insisted upon in this court.

We come now to the consideration of the demurrer to the fourteenth count in the petition. By section 4711, Revised Statutes, 1879, the city auditor is required to make out a land tax book, while section 1332, Revised Statutes, 1889, provides that if any land has been or shall be bid off for the city for delinquent taxes, such taxes may be carried forward on any subsequent land tax book. Section 4715, Revised Statutes, 1879, provides that all unpaid delinquent taxes shall be put on the tax book for the current year so that this book may show all the taxes, current and delinquent, levied upon each lot or parcel of land and the amount of taxes against the same for each year. Section 4761, Revised Statutes, 1879, section 1383, Revised Statutes, 1889, provides that when any property has been offered for sale and not sold for want of bidders that the sale may be discontinued. And section 4762, Revised Statutes, 1879, section 1384, Revised Statutes, 1889, provides that when a sale has been discontinued, or real estate has been bid off for the city * * * and in all cases when taxes have become delinquent before the passage of this article, suit may be brought in the name of the city to enforce the collection of such taxes in any court of competent jurisdiction. Article 3, chapter 30, Revised Statutes of 1879, and of 1889, also provides for the manner and mode of assessing property by cities of the second class and levying taxes thereon.

At the time of the levy of the taxes in 1888 and 1889, which are sued for in the fourteenth count of the petition, the plaintiff, a city of the second class, not

only had the power and authority to assess and also levy taxes for city purposes on the property of defendant described in said count, but to sue for and collect the same. We are unable to see any objection to that count and we are of the opinion that under section 4762, Revised Statutes, 1879, section 1384, Revised Statutes, 1889, it states a good cause of action, and that the demurrer thereto should have been overruled.

There are a number of points urged by counsel for defendant in his brief why the demurrer to all counts in the petition was rightfully sustained, which do not appear from the face of the petition and cannot be considered by this court. The judgment in sustaining the demurrer to the fourteenth count is reversed and remanded; as to all the other counts it is affirmed. All of this division concur.